# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | 1:12-cv-00938-AWI-DLB (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| PAUL COPENHAVER, | [Doc. 1] |
|     Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on June 11, 2012. On June 18, 2012, Petitioner filed a motion for leave to file a supplemental pleading and amended petition. (ECF. No. 4.)

Rule 4 of the Rules Governing § 2254 Cases (also applicable to § 2241 petitions) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976

1  Adoption; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v.
2  Allison, 431 U.S. 63, 75 n. 7 (1977)).  Vague, conclusory, or palpably incredible claims in the
3  petition are subject to summary dismissal.  Henricks v. Vasquez, 908 F.2d at 491.

4      Petitioner was convicted in the United States District Court for the Southern District of
5  Indiana, and he is currently in custody at the United States Penitentiary in Atwater, California.

6      In the instant petition for writ of habeas corpus, Petitioner contends that as part of his
7  criminal sentence, a fine of $4,000,000.00 was imposed to be treated as a tax lien.  Petitioner
8  claims that a unit team member has failed to confirm a receipt for the payment of the lien so that
9  it may be discharged.  Petitioner seeks a stay of execution of a "judgment lien" and suspension of
10 his sentence.

11     Petitioner has previously filed petitions in this Court presenting the same challenge set
12 forth in the instant petition.  The Court may take judicial notice of court records.  Fed. R. Evid.
13 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise
14 Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).
15 The Court takes judicial notice of the docket and docket orders in Christopher Harris v. Hector
16 A. Rios, 1:11-cv-01722-BAM (HC).  On March 16, 2012, the Court dismissed the first amended
17 petition for writ of habeas corpus without leave to amend for failure to state facts warranting
18 habeas corpus relief.  (ECF No. 28.)  In that petition, Petitioner likewise challenged the alleged
19 imposition of a $4,000,000.00 fine as part of his criminal sentence.  In the dismissal order, the
20 Court addressed the merits of Petitioner's claim stating:

21     In setting forth his claim, Petitioner relies on statutory provisions
concerning enforcement of judgments and debts that are of general applicability.
22 He cites federal statutes that provide that judgments for fines become a lien on
property in favor of the United States and may be enforced by the United States as
23 civil judgments are enforced, that a judgment of a United States District Court
shall be a lien on property in the state to the same extent that a state court
24 judgment would be, and that a judgment lien shall be released on the filing of a
satisfaction of judgment or release of lien in the same manner as the judgment is
25 filed to obtain the lien.  18 U.S.C. § 3613; 28 U.S.C. §§ 1962, 3201(d).  He
further relies on a provision that a person is discharged from a debt to the extent
26 that he makes payment or delivery of money or personal property to the United
States or specified officers thereof.  28 U.S.C. § 3206.
27
    Petitioner cites not authority, however, and the Court is aware of none,
28 that requires either a custodial authority or a sentencing court to permit a prisoner

> to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property.
>
> Further, the facts of record ascertained from taking judicial notice of the judgment in Petitioner's criminal case (doc. 53) directly contradict Petitioner's indirect and vague allegations concerning the fine in question.  Petitioner was sentenced to 300 months, an assessment of $100.00, and fine of $2,000.00 (Doc. 53 at 2, 5.)  There is no indication that Petitioner was subjected to any additional fine.  Indeed, in the course of briefing Petitioner's post-sentencing motions in the criminal action in the trial court, the federal prosecutor noted that Petitioner was fined and assessed only the $2,100.00, and it was uncertain to what any alleged $4,000,000 tax lien or fine referred.  (Doc. 25, 2 n.1.)

(ECF No. 28, at 7-9.)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Section 2244 provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This gate-keeping provision requires the Court of Appeals to authorize successive petitions regarding state court judgments pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(b).

However, the provisions requiring prior appellate permission to proceed with a successive petition pertain expressly to claims presented under § 2254 and contain no reference to petitions filed under § 2241.  Thus, the gate-keeping provisions do not apply to habeas petitions filed under § 2241.  Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).

Nevertheless, § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. Id.; accord, Valona v. United States, 138 F.3d 693, 694-695 (9th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution

3

1  of a sentence); <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second
2  § 2241 petition a repetitive challenge to application of time credits in the administrative
3  calculation of a federal sentence).
4        AEDPA's bar against successive petitions have been referred to as a modified res judicata
5  rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex
6  and evolving body of equitable principles informed and controlled by historical usage, statutory
7  developments, and judicial decisions." <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996) (citing
8  <u>McCleskey v. Zant</u>, 499 U.S. 467, 489 (1991). If a successive petition is filed dismissal is
9  warranted. <u>Queen v. Miner</u>, 550 F.3d 253, 255 (3d Cir. 2008); <u>Chambers v. United States</u>, 106
10 F.3d 472, 475 (2d Cir. 1997).
11       Here, Petitioner's challenge to the imposition of the alleged $4,000,000.00 fine was
12 presented to this Court in case number 1:11-cv-01722-BAM (HC), which was reviewed on the
13 merits and dismissed for failure to state a cognizable claim. Accordingly, the instant petition for
14 writ of habeas corpus should be dismissed with prejudice as successive.

15 RECOMMENDATION

16       Based on the foregoing, it is HEREBY RECOMMENDED that:
17       1.      The instant petition for writ of habeas corpus be dismissed as successive; and
18       2.      The Clerk of Court be directed to terminate this action.
19       This Findings and Recommendation is submitted to the assigned United States District
20 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
4  and filed within fourteen (14) days after service of the objections.  The Court will then review the
5  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
6  failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     Dated:   **June 29, 2012**                              **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE