# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS,<br><br>        Petitioner,<br><br>   v.<br><br>PAUL COPENHAVER,<br><br>        Respondent.<br>_____/ | 1:12-cv-00938-AWI-DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND OR ALTER THE JUDGMENT<br><br>[Doc. 13] |

On August 3, 2012, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed as successive of the petition filed in Christopher Harris v. Hector A. Rios, 11-cv-01722-BAM (HC).

On August 10, 2012, Petitioner filed a motion to alter or amend the judgment.

Motions for reconsideration can be brought under Federal Rules of Civil Procedure 59 and 60. Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Pursuant to Rule 60(b), the Court may relieve a party from final judgment for the specific reasons enumerated in the Rule or for any other reason that justifies relief.

The Court construes Petitioner's motion for reconsideration as a motion brought under Rule 59(e) because he contends the dismissal of the petition was based on an error of law.

Petitioner contends the claim in the instant petition is not identical to the claim raised in the prior case.  Specifically, he claims in case number 1:11-cv-01722-BAM (HC), he "sought to stay the execution of the sentence or judgment ... However, in this petition [he] seeks to foreclose on Respondent by laches and estoppel, discharge the warrant of attachment under 28 [U.S.C.] § 2717 and order [his] release under FRCP/Supp.R.E(5)."  (Motion, at 3.)

Petitioner's motion for reconsideration must be denied.  The substance of Petitioner's challenge in both petitions is the same, i.e. that he should be discharged from the $4,000,000.00 fine.  Thus, Petitioner has failed to demonstrate that the Court erred as a matter of law in dismissing the instant petition as successive.

In the August 3, 2012 order, the Court declined to issue a certificate of appealability.  Petitioner is correct that a federal prisoner proceeding with a § 2241 petition does not require a certificate of appealability.  Therefore, the portion of the August 3, 2012, order declining to issue a certificate of appealability is hereby stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to alter or amend the judgment is DENIED; and
2. Because a certificate of appealability is not required for a petition brought under 28 U.S.C. § 2241, any reference to a certificate in the August 3, 2012 order is STRICKEN.

IT IS SO ORDERED.

Dated:    August 19, 2012                          _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE