# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | 1:12-cv-00938-AWI-DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR INJUNCTION AND MOTION FOR STAY OF EXECUTION |
| v. | [Docs. 21, 22] |
| PAUL COPENHAVER, | |
| Respondent. | |

On August 3, 2012, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed and judgment was entered.

On August 2012, Petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, and the appeal was processed the same day.

On September 14, 2012, Petitioner filed a motion for an injunction, and on September 19, 2012, Petitioner filed a motion for stay of execution. (Docs. 21, 22.)

Petitioner filed his motion for an injunction pursuant to Rule 8(a)(1) of the Rules of Appellate Procedure, to obtain an injunction pending appeal from the Ninth Circuit.

In deciding whether to grant an injunction pending appeal, courts apply the same standard employed when considering a motion for a preliminary injunction. Tribal Villate of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). In order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

1

1  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
2  public interest." Winter v. NRDC, 555 U.S 7, 20 (2008).  The Supreme Court has repeatedly
3  recognized that injunctive relief is "an extraordinary and drastic remedy, one that should not be
4  granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.
5  Armstrong, 520 U.S. 968, 972 (1997).

6  For the reasons explained in the Court's dismissal order, Petitioner's claims are not
7  cognizable.  Thus, he has not and can not demonstrate either a likelihood of success on the merits
8  of his claims or that he is likely to suffer irreparable harm if the court does not issue an
9  injunction.  Petitioner has not demonstrated a factual error nor any rationale for concluding that
10 the Court's previous dismissal order was incorrect, and there is simply no basis to grant an
11 injunction.  Petitioner simply continues to seek a stay of execution of a "judgment lien" and
12 suspension of his sentence. For these same reasons, there is no basis to grant Petitioner's motion
13 for stay of execution and it must be denied.

14 Accordingly, it is HEREBY ORDERED that Petitioner's motion for an injunction and
15 motion for stay of execution are DENIED.
16 IT IS SO ORDERED.

17 Dated:    October 26, 2012
18                                                        CHIEF UNITED STATES DISTRICT JUDGE